UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> MARCUS DOUGLAS, <br><br> Defendant. | Criminal Action No. 96-00064 (BAH) <br><br> Chief Judge Beryl A. Howell |

**MEMORANDUM OPINION AND ORDER**

The defendant, Marcus Douglas, proceeding *pro se*, moves to expunge the record of his criminal conviction from 1998. *See* Def.'s Mot. to Expunge ("Def.'s Mot."), ECF No. 51. The government opposes the motion. *See* Gov't Resp. to Mot. to Expunge ("Gov't Opp'n"), ECF No. 53. For the reasons set forth below, the defendant's motion is denied.

**I. BACKGROUND**

In June of 1997, the defendant pleaded guilty to one count of unlawful distribution of 50 grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A)(iii), *see* Plea Agreement, ECF No. 27, and was sentenced to ten months imprisonment followed by a five-year term of supervised release, *see* Judgment, ECF. No. 16. In 2002, the defendant's five-year supervised release period was terminated early. *See* Report and Order, ECF No. 50. The defendant now moves to expunge his criminal record, alleging that "the case still appears on a standard background check even though it's a very old and sealed case." Def.'s Mot. at 1.[1] He petitions for expungement so that he "can move forward without being denied because of [his]

---

[1] Although the defendant claims the case is sealed, the case was actually unsealed upon motion by the government by Judge Thomas F. Hogan on April 16, 2002. *See* Order (April 16, 2022), ECF No. 48.

1

past mistakes." *Id.* The government opposes the motion, arguing that the defendant has failed to establish "any extraordinary circumstances" and therefore the Court "lacks the power to expunge his criminal record." Gov't Opp'n at 4.

## II. LEGAL STANDARD

Expungement of criminal records may be provided by either federal or state statute. *See, e.g.,* 10 U.S.C. § 1565(e) (mandating expungement of DNA records when courts overturn military convictions); 18 U.S.C. § 3607(c) (allowing expungement of criminal records for defendants under the age of 21 in certain cases involving drug possession); 42 U.S.C. § 14132(d) (allowing expungement of FBI DNA records in certain cases when a conviction is overturned). Indeed, local law provides for expungement of criminal records in certain circumstances. *See* D.C. Code § 16-803(b)(1) (allowing a person who was arrested but not convicted to petition to have the criminal records sealed if at least four years have passed since the termination of the case and the movant has not had a disqualifying arrest or conviction in the interim).

Absent any statutory basis for expungement, the D.C. Circuit has held that courts nonetheless "have the inherent, equitable power to expunge arrest records . . . 'when that remedy is necessary and appropriate in order to preserve basic legal rights.'" *Livingston v. United States*, 759 F.2d 74, 78 (D.C. Cir. 1985) (quoting *Sullivan v. Murphy*, 478 F.2d 938, 968 (D.C. Cir. 1973)); *see also Doe v. Webster*, 606 F.2d 1226, 1231 n.8 (D.C. Cir. 1979) (noting that "[t]he power to order expungement is a part of the general power of the federal courts to fashion appropriate remedies to protect important legal rights."); *Menard v. Saxbe*, 498 F.2d 1017, 1023 (D.C. Cir. 1974) ("The judicial remedy of expungement is inherent and is not dependent on express statutory provision, and it exists to vindicate substantial rights provided by statute as well as by organic law[.]"); *Chastain v. Kelley*, 510 F.2d 1232, 1235 (D.C. Cir. 1975)

(expungement is only appropriate "where necessary to vindicate rights secured by the Constitution or by statute"). [2]

As the D.C. Circuit has recently explained, "expungement is a potentially available remedy for legally cognizable injuries." *Abdelfattah v. U.S. Dep't of Homeland Sec.*, 787 F.3d 524, 536–538 (D.C. Cir. 2015). In other words, while no "nebulous right to expungement of government records" is available, even for "government records that are inaccurate, were illegally obtained, or are 'prejudicial without serving any proper purpose,'" expungement may be an appropriate remedy where a violation of an established legal right has occurred or is imminent. *Id.* at 538 *(*quoting *Chastain*, 510 F.2d at 1236). Thus, expungement of a criminal record may be an appropriate exercise of equitable powers when the criminal record involved "either a lack of probable cause coupled with special circumstances, flagrant violations of the Constitution, or other unusual and extraordinary circumstances." *Webster*, 606 F.2d at 1230. Examples of such "extraordinary circumstances" provided by the D.C. Circuit include criminal records arising from prosecutions marred by entrapment, misleading law enforcement testimony or incorrect legal advice or predicated on a statute subsequently declared unconstitutional. *Id.* at 1230 n.11. "The general rule which emerges from the cases is that expungement of an arrest record is appropriate when serious governmental misbehavior leading to the arrest, or unusually substantial harm to the defendant not in any way attributable to him, outweighs the government's need for a record of the arrest." *Id.* at 1231*; see also Carter v. Dist. of Columbia*, 795 F.2d 116,

---

[2] Every circuit to address the question has held that *Kokkonen v. Guardian Life Ins. Co*, 511 U.S. 375 (1994) precludes federal district courts from exercising ancillary jurisdiction over expungement requests based solely on equitable grounds. *See United States v. Wahi*, 850 F.3d 296 (7th Cir. 2017); *Doe v. United States*, 833 F.3d 192, 199 (2d Cir. 2016); *United States v. Field*, 756 F.3d 911 (6th Cir. 2014); *United States v. Meyer*, 439 F.3d 855, 860 (8th Cir. 2006); *United States v. Coloian*, 480 F.3d 47 (1st Cir. 2007); *United States v. Dunegan*, 251 F.3d 477 (3d Cir. 2001); *United States v. Sumner,* 225 F.3d 1005, 1014 (9th Cir. 2000). Neither the defendant nor the government, however, raise the issue of jurisdiction, and this Court is bound by existing D.C. Circuit precedent that a court may order expungement as part of the court's "inherent equitable powers." *Webster*, 606 F.2d at 1230.

136 (D.C. Cir. 1986) (finding expungement would be appropriate where a trial court found that an arrest was without probable cause).

In short, no "standalone right to expungement of government records" is recognized in this Circuit. *Abdelfattah*, 787 F.3d at 536. Instead, a prerequisite for obtaining this equitable remedy is a claimed violation of a well-established statutory or constitutional right. *Id*. at 537. Merely citing to the fact that a criminal record may foreclose or present difficulties in finding employment opportunities does not meet the fundamental prerequisite of setting out a legally cognizable claim to vindicate rights secured by the Constitution or by statute, for which claim expungement may be appropriate relief. *See United States v. Baccous*, No. 99-0596 (DAR), 2013 WL 1707961, at *2 (D.D.C. Apr. 22, 2013) (holding that the defendant's "concerns regarding his employment and residential opportunities" were not extreme circumstances justifying expungement); *In re Reid*, 569 F. Supp. 2d 220, 222 (D.D.C. 2008) (holding that the "harm of being unable to obtain employment is insufficient on its own" to justify expungement).

Moreover, since expungement is an equitable remedy, the grant of such relief "depends on the facts and circumstances of the case" and requires "a logical relationship between the injury and the requested remedy." *Webster*, 606 F.2d at 1230; *see also United States v. Davis*, No. 342-72 (TFH), 2006 WL 1409761, at *2 (D.D.C. May 23, 2006) ("Before expunging a criminal record, the Court must find that, after examining the particular facts and circumstances of the case, the remedy is necessary and appropriate in order to preserve basic legal rights." (internal quotations and citation omitted)).

## III. DISCUSSION

The plaintiff neither challenges the basis of his arrest nor the validity of his conviction. Rather, he seeks expungement solely on the grounds that he does not want his criminal record to appear on background checks and risk denial of employment applications or otherwise. Def.'s Mot. at 1. "The difficulty that a criminal conviction poses for a defendant seeking employment is not regarded as an extreme circumstance." *Evans*, 78 F. Supp. 3d at 352 (citing *United States v. Baccous,* Criminal Action No. 99-0596 (DAR), 2013 WL 1707961, at *2 (D.D.C. Apr. 22, 2013) (the defendant's "concerns regarding his employment and residential opportunities" were not "extreme circumstances" justifying expungement); *In re Reid*, 569 F. Supp. 2d 220, 222 (D.D.C. 2008) (holding that the "harm of being unable to obtain employment is insufficient on its own to justify expungement"). The difficultly a criminal record presents for passing background checks simply "does not rise to the level of the affirmative violation or deprivation of 'basic rights' that previous cases have required in order to expunge criminal records." *Davis*, 2006 WL 1409761, at *2 (holding that "while the Court credits Defendant's assertion that his criminal record affects his ability to engage in certain civic opportunities and affects his employment opportunities, this harm is insufficient to outweigh the government's interests in maintaining the records because Defendant has provided no evidence that he was not properly arrested and convicted of the offense contained in his record.").

Consequently, the defendant in this case has failed to demonstrate that expungement is "necessary and appropriate in order to preserve basic legal rights." *Livingston v. U.S. Dep't of Justice*, 759 F.2d 74, 75 (D.C. Cir. 1985).

## IV. CONCLUSION

For the reasons set forth above, upon consideration of the defendant's motion to expunge, Def.'s Mot. to Expunge, ECF No. 51, it is hereby

**ORDERED** that the defendant's Motion to Expunge is **DENIED;** and it is further

**ORDERED** that the Clerk of the Court close this case.

**SO ORDERED.**

Date:   October 10, 2017

_____
BERYL A. HOWELL
Chief Judge